**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**



FILED

MAY 29 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.  **CRIMINAL ACTION NO. 4:13cr43(5)**

**TIMOTHY RAY ALEXANDER,**

**Defendant.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Timothy Ray Alexander's Motion to Sever Count Nineteen or in the alternative for Bifurcation of Trial (ECF No. 370), filed on April 2, 2014. To prevent potential prejudice, Defendant asks this Court to sever the felon in possession of a firearm count from the other charges in the Second Superseding Indictment or to bifurcate his trial so that, unless and until the jurors determine possession, they do not learn of his alleged prior felony convictions. For the reasons stated herein, Defendant's Motion to Sever or for Bifurcation is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Timothy Ray Alexander ("Defendant") has been charged with six counts in the Second Superseding Indictment: Count 1, conspiracy to distribute and possess with intent to distribute, heroin, cocaine base and cocaine, in violation of Title 21, United States Code Section 846; Count 11, possession with intent to distribute cocaine base, in violation of Title 21, United States Code Sections 841(a)(1) and (b) (1) (C); Counts 13-14, possession with intent to distribute heroin, in violation of Title 21, United States Code Sections 841(a)(1) and (b) (1) (C); Count 17, possession of a firearm in a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c); and Count 19, felon in possession of a firearm, in violation of Title 18, United States Code

1

Section 922(g) ("felon in possession count"). The Indictment alleges that Defendant served as a mid-level dealer for the Barrett drug trafficking conspiracy. Indictment at pages 2-4. The Indictment also alleges that Defendant and his co-defendants "regularly possessed, used and carried firearms to protect members of the BARRETT DTO from rival drug dealers, and to protect controlled substances and drug proceeds controlled by the BARRETT DTO, from rivals." *Id.* at 4. Counts 17 and 19 involve the same firearm, which Defendant allegedly possessed.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) provides that "[t]he indictment . . . may charge a defendant in separate counts with [two] or more offenses if [1] the offenses charged . . . are of the same or similar character, . . . [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has interpreted the latter two prongs of this rule flexibly, requiring that the joined offenses have a "logical relationship" to one another. *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992). Rule 8(a) "permit[s] very broad joinder" because of the efficiency in trying the defendant on related counts in the same trial. *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003); *see also United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000) ("[C]ourts . . . have a strong interest in favor of joinder of offenses; in particular, joinder of offenses reduces the waste of precious judicial and prosecutorial time in the already overburdened federal judicial system and reduces the burdens on witnesses from testifying at multiple trials.").

Rule 14(a) provides that "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant . . . , the court may order separate trials of counts. . . ." This rule contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required. The

2

United States Supreme Court ("Supreme Court") has admonished that "when defendants properly have been joined under [Rule 8], a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Similarly, the Fourth Circuit has stated that reversal under Rule 14 is required only if the defendant shows that requiring him to defend against the joined offenses in the same trial resulted in "clear prejudice." *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995). A defendant must "establish that actual prejudice would result from a joint trial . . . and not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). Under *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976), prejudice comes in three forms: (1) jury confusion; (2) the mutual inclusivity of evidence for separate crimes; or (3) the jury's conclusion that the defendant is guilty of one crime and therefore guilty of the other because of his criminal disposition.

### III. DISCUSSION

Defendant filed this Motion to Sever or for Bifurcation of the felon in possession charge alleged in Count 19, appealing to the Court's discretion under Rules 8 and 14 of the Federal Rules of Criminal Procedure. As grounds for severance or bifurcation, Defendant asserts that allowing the jury to learn of his prior felony convictions for unlawful maiming, use of a firearm in the commission of a felony, sodomy, and possession of a schedule I or II drug would prejudice him because jurors, given the contemporary connection between drugs and violence, will not presume he is innocent. Defendant further argues that the prejudice he will suffer from joinder of this offense outweighs the Court's interest in judicial efficiency because the jury may improperly infer he has a criminal propensity. The Government contends that Defendant has made no showing of

actual prejudice sufficient to warrant severance, and the judicial interests in speed, efficiency and convenience outweigh any concerns about potential prejudice to Defendant.

The Court assumes, for purposes of the instant Motion, that evidence of Defendant's prior felony convictions would not be admissible at a trial on the drug trafficking counts. Undoubtedly, this fact creates the specter that Defendant will be prejudiced by a failure to sever, bifurcate or otherwise avoid undue prejudice. *See Zafiro*, 506 U.S. at 539. To mitigate the possibility of prejudice, the Court considers several options, including: severance of felon in possession count from remaining counts, bifurcation of trial, stipulation to prior felony convictions, and limiting instruction on consideration of evidence. Each option will be discussed individually. Ultimately, in the absence of a showing of a substantial risk of actual prejudice, the most appropriate option, pursuant to Fourth Circuit precedent, is to provide a limiting instruction to the jury as well as stipulate to the prior convictions. *See, e.g., United States v. Mason*, 139 F. App'x 502, 505 (4th Cir. 2005) (concluding that "the district court's denial of Mason's motion to sever count three was not an abuse of discretion. A thorough limiting instruction was given and repeated at the close of the trial, the specific nature of the conviction was not disclosed in the stipulation, and Mason fails to make a particularized showing of prejudice resulting from the joinder.").

### A. Severance

In the event the Court finds that the felon in possession charge is properly joined with the other charges in the Indictment, Defendant urges the Court to sever those counts. The Fourth Circuit has held that, generally, all counts charged in a single indictment are tried together. *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992). To obtain a severance under Rule 14, a defendant must show that the joinder "was so manifestly prejudicial that it outweighed the dominate concern with judicial economy and compelled exercise of the court's discretion to

sever." *Acker*, 52 F.3d at 514 (citing *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980)). A district court may deny a motion to sever a count of felon in possession of a firearm from other counts "when they share a factual basis that was part of the same criminal scheme or plan." *United States v. Rhodes*, 32 F.3d 867, 872 (4th Cir. 1994). There is no *per se* rule regarding severance of multiple counts of the same indictment even though the introduction of evidence of a previous felony for purposes of establishing a felon in possession charge can be prejudicial to a criminal defendant charged in a multiple count indictment. *United States v. Hatches*, 75 F. App'x 188, 190 (4th Cir. 2003).

The Fourth Circuit has repeatedly upheld district courts' denial of motions to sever in cases such as the above-styled matter where a defendant contends that he will be prejudiced by evidence of prior felonies at a jury trial to satisfy an element of a felon in possession charge amidst other charges that do not require a previous conviction to be established. *See, e.g., United States v. Britt*, 216 F. App'x 317 (4th Cir. 2007) (holding that denial of motion to sever charges for possession of firearm by convicted felon from trial on drug charges was appropriate because facts overlapped almost completely with evidence introduced as to rest of charges); *Rhodes*, 32 F.3d 867 (holding that district court did not abuse its discretion in denying motion to sever felon in possession of firearm charge from other charges despite defendant's claim that evidence of his prior felony convictions, both of which concerned offenses carried out by use of gun, improperly influenced jury to convict him on firearms charges, because the narcotics and firearms offenses were all being committed at same time).

Joinder of the counts against Defendant is clearly appropriate in this case since the charges against Defendant "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

Fed.R.Crim.P. 8(a). The Government represents:

> [D]efendant's felon in possession of the firearm charge in Count 19 is the same firearm connected to other charges. That is, the firearm is directly tied to the drug trafficking conspiracy charge in Count 1, as alleged in ¶ 3 of manner and means, and the possession of a firearm in a drug trafficking crime alleged in Count 17. The firearms charges occurred during the time of the charged conspiracy and, as alleged in the manner and means, it was part of the conspiracy (¶ 3). . . The evidence at trial will show that Alexander possessed a firearm during the time-frame of the charged conspiracy and in furtherance of his drug activities. In short, these counts involve behavior that was part of a common scheme or plan–namely the drug conspiracy.

Defendant does not argue for improper joinder. But in arguing for severance, Defendant fails to establish a substantial risk of undue prejudice based on the specific circumstances of this case. Defendant did not offer a particular reason for members of the jury to be so incapable of separating the issues involved in each charge in their minds. Defendant only asserts a general belief that "[g]iven the current climate in the Eastern District of Virginia – including frequent news reports linking drugs to guns and crimes of violence – jurors who learn that Mr. Alexander has these prior felony convictions will be unable to put that information aside and give full effect to the presumption of innocence," an assertion which, alone, is insufficient to demonstrate prejudice. Def.'s Mot. Sever Mem. 7-8. Furthermore, Defendant has not established that any concerns about potential prejudice outweigh the Court's interest in judicial and economic efficiency. *Cf. United States v. Brown*, 4:13CR110, 2014 WL 31454 (E.D. Va. Jan. 3, 2014) ("Not severing the charges has the additional benefit of conserving judicial resources: witnesses will not be required to testify to substantially the same information at multiple trials, only one jury would have to be impaneled, and attorneys for both sides can consolidate their time and efforts into one case."). Because the felon in possession count stems from actions Defendant allegedly undertook as part of the conspiracy with which he is charged in other counts of the Indictment, the Court exercises its discretion and declines to sever any charges.

### B. Bifurcation

Defendant requests that the prior felony conviction element of the felon in possession charge be tried separately from the knowingly possessing a firearm in interstate commerce elements. Specifically, Defendant states that under the bifurcated trial approach, Defendant would have a single trial on all of the offenses in the Indictment, and if the jury determines that Defendant knowingly possessed a firearm that has been transported in interstate commerce, the jury would then hear evidence of Defendant's prior felony convictions. The Federal Rules of Criminal Procedure do not provide a specific rule for bifurcation. Although Rule 14(a) typically governs motions to sever, the Fourth Circuit has adopted Rule 14(a)'s prejudice standard in the context of motions to bifurcate. *See United States v. Cavillo-Rojas*, 510 F. App'x 238, 246 (4th Cir. 2013). Under this standard, the moving party must demonstrate a "strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984).

Here, Defendant has not met his burden of showing prejudice. Essentially, Defendant is concerned that prior knowledge of the felony convictions will predispose the jury in favor of finding for the Government because jurors may be overpersuaded to prejudge Defendant's bad record to find him guilty of other charges. However, courts have denied bifurcation to separately consider whether a defendant was a felon and whether he possessed a gun because "proof of the felony conviction is essential to the proof of the offense." *United States v. Breitkreutz*, 8 F.3d 688, 691 (9th Cir. 1993) (quoting *United States v. Barker*, 1 F.3d 957, 959 (9th Cir. 1993)). Defendant has not established that any risk of prejudice outweighs concerns related to conducting a fair and efficient trial:

> There are various legitimate reasons for not allowing bifurcation of the offense of being in possession of a firearm into separate proceedings. First of all, the "government would be precluded from proving an essential element of the charged offense, and the district court would breach its duty to instruct the jury on all the

> essential elements of the crime charged." *United States v. Barker*, 1 F.3d 957, 959 n.3 (9th Cir. 1993) (footnote omitted). Secondly, "the district court's bifurcation order might unfairly confuse the jury, prompting it to exercise its power of nullification on the unwarranted belief that the defendant was charged for noncriminal conduct." *Id.* Additionally, separate proceedings would put a strain on judicial economy and require additional resources for duplicative proceedings.

*United States v. Nguyen*, 88 F.3d 812, 818 (9th Cir. 1996). Neither the law nor the circumstances as articulated by the parties support Defendant's proposition that the presentation of evidence as to felony convictions, when prior conviction is an element of the offense charged, will prejudice the jury as to another element of the same charge or other charges. Therefore, the Court denies Defendant's request for bifurcation.

### C. Stipulation

The Government suggests that the parties may stipulate that the prior conviction element of the felon in possession offense has been met and submit to the jury only the possession and interstate commerce elements. Stipulation to the fact that a prior felony conviction exists greatly reduces the danger of prejudice by avoiding the need to delve into details of past bad acts. *See Old Chief v. United States*, 519 U.S. 172, 191 (1977); *see also United States v. Moore*, 104 F.3d 377, 382 (D.C.Cir. 1997) ("There are several safeguards short of severance that a district court may employ to avoid undue prejudice, including a stipulation as to the existence of the prior felony conviction. . . .") (internal quotation marks omitted)); *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (holding that "the risk of prejudice [due to the district court's failure to sever] was mitigated because the prior felony conviction was introduced by stipulation"). Keeping the facts about a felony from the jury tends to diffuse any passions that would be aroused by specific evidence of a defendant's felonious past. Indeed, the Fourth Circuit has expressly affirmed that "when a defendant offers to stipulate the fact of his prior felony conviction, evidence of the nature of the conviction is irrelevant and should be stricken." *Rhodes*, 32 F.3d at 870–71 (citations

omitted).

The Fourth Circuit has held that stipulation, coupled with a cautionary instruction, is sufficient to cure or prevent prejudice. *See Mason*, 139 F. App'x at 505. Although stipulations regarding status as a felon are not obligatory, *United States v. Neal*, No. 3:09CR17, 2009 WL 3112128, at *2 (W.D.N.C., Sept. 23, 2009), the Court encourages the parties to consider stipulation that the prior conviction element of the felon in possession offense has been met to neutralize prejudice. The Court notes, however, that even if Defendant declines to stipulate, the Court would not then be required to sever or bifurcate. *See United States v. Andrews*, 1:12CR100, 2013 WL 6230450 (N.D.W. Va. Nov. 26, 2013).

### D. Jury Instruction

The Court may instruct the jury that evidence pertaining to each crime or offense charged in each count of the Indictment should be considered separately. *See Zafiro*, 506 U.S. at 539–40 ("When the risk of prejudice [from joint trials] is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."); *see, e.g., United States v. Bullock*, 71 F.3d 17, 175 (5th Cir. 1995) ("[The defendant] cannot show that he was prejudiced by the failure to sever the counts, as the court admonished the jury that it could consider [his] prior felony conviction only in connection with the firearm count."). The Fourth Circuit has found § 922(g) and other counts can be tried together because the prejudicial effect of introducing a defendant's past conviction can be avoided through the use of a cautionary instruction. *See United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984) ("Any prejudicial effect of the necessary introduction of the defendant's past conviction can, we feel, be avoided through the use of a limiting instruction."). Additionally, the Fourth Circuit has previously held that such an instruction to consider past convictions only for the

purpose of the felon in possession count "sufficiently neutralized the possibility that the jury would hold a defendant's felony status against him when considering his guilt on other charges." *United States v. Cardwell*, 433 F.3d 378, 388 (4th Cir. 2005) (citing *Mackins*, 315 F.3d at 415) (noting that when the district court instructed the jury that "[a] separate crime or offense is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately," the possibility of prejudice was "sufficiently neutralized.").

In accordance with Fourth Circuit precedent, the Court will use a specific limiting jury instruction to reduce any risk of prejudice caused by evidence of prior felony convictions. Jurors are presumed to follow instructions from the court, and Defendant has not established that there is any particular reason beyond a contemporary association between drugs and violence to conclude that the jury in this case would be unable to set aside the evidence of prior felonies in consideration of other charges. *See United States v. Gilliam*, 994 F.2d 97, 100 (2d Cir. 1993). The Court will accept a proposed limiting instruction or draft a cautionary instruction regarding the consideration of Defendant's status as a convicted felon to mitigate prejudice.

## IV. CONCLUSION

The Fourth Circuit has favored joinder of a felon in possession count with other charges of the same indictment and has upheld other effective ameliorative procedures short of severance or bifurcation, such as a stipulation to prior felonies and a cautionary jury instruction about the use of certain evidence. Accordingly, the Motion to Sever or for Bifurcation is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
May 29, 2014